UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GERSHON J

--------------------------------------------------------

GLORIA E. LAWRENCE

Plaintiff,

AZRACK J

**CV 03     3380**

-against-

CREDITONE, L.L.C.

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JUL 1 1 2003

★ BROOKLYN OFFICE ★

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Madeline Harley seeks redress for the illegal practices of Creditone,

    L.L.C. concerning the collection of debts, in violation of the Fair Debt Collection

    Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

    FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

    consumer debt, presently owed to the defendant.

4.  Upon information and belief, defendant is a Louisiana limited liability company

    with a principal place of business is located in Louisiana.  It is an active foreign

    corporation in the State of New York where CT Corporation is authorized to

    accept service in New York County.

1

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Gloria E. Lawrence*

9.    Upon information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10.   Upon information and belief, defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly originally owed to Citibank incurred for personal purposes dated June 27, 2003.

11.   Said letter states in pertinent part as follows: "This letter is to inform you that Creditone, L.L.C. recently purchased your Citibank Associates Account. We would like to offer you an opportunity to satisfy your account. You can do so by choosing one of the following options.

   1)    Pay $1782.71 in full satisfaction of your debt; or

   2)    Make consecutive monthly payments of $92.85, and we will delete the entire interest balance of $862.66.

2

3)      Call our office at 1-800-663-4745 to discuss other possible arrangements.

We would like to assist you, but in order to do so, you must take advantage of this offer or or before August 8, 2003.  If your account is not satisfied at the time that this offer expires, as part of our normal business procedures, your account will be reported as as  negative tradeline to the credit bureaus.

12.    Said language contradicts the plaintiff's right to dispute the debt and seek

verification of same in violation of 15 U.S.C. § 1692g.

13.    Said letter contains deceptive practices in violation of 15 U.SC. § 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

14.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13

as if set forth fully in this cause of action.

15.    This count is brought on behalf of plaintiff and the members of a class.

16.    The Class consists of consumers who received the same form letter, as did the

plaintiff.

17.    The Class consists of all persons whom Defendant's records reflect resided in the

State of New York and who were sent a collection letter (a) bearing the

defendant's letterhead in substantially the same form as the letter sent to the

plaintiff on or about June 27, 2003 (b) the collection letter was sent to a consumer

seeking payment of an alleged debt; and (c) the collection letter was not returned

by the postal service as undelivered, (d) and that the letter contained violations of

3

15 U.S.C. § 1692e(10) and 1692g by engaging in deceptive practices and contradicting plaintiff's right to dispute the debt.

18.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

19.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are

4

generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

20. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23. The defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

     (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

     (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

     (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 9, 2003

Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
366 Pearsall Avenue, Suite 5
Cedarhurst, New York 11516
Telephone (516) 239-9393
Facsimile (516) 371-5175


Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

13.

**CREDITONE, L.L.C.**

PO BOX 1273
METAIRIE, LA  70004-1273

ADDRESS SERVICE REQUESTED

June 27, 2003

TOTAL:        $3091.05
FILE NO.:     142874-1

#BWNFTZF
#ONE142874-16#
GLORIA E LAWRENCE
770 FULTON ST APT 6G
BROOKLYN NY  11238-1524

CREDITONE, L.L.C.
PO BOX 825
METAIRIE, LA  70004-0625

*** PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT. ***

RE:                      CITIBANK / ASSOCIATES
ORIGINAL ACCOUNT #: 6011767401046246
ACCOUNT TYPE:            GATEWAY
FILE NO.:                142874-1

PRINCIPAL BALANCE:  $2228.39
INTEREST BALANCE:   $862.66
TOTAL:              $3091.05

DEAR GLORIA E LAWRENCE:

THIS LETTER IS TO INFORM YOU THAT CREDITONE, L.L.C. RECENTLY PURCHASED YOUR CITIBANK / ASSOCIATES ACCOUNT. WE WOULD LIKE TO OFFER YOU AN OPPORTUNITY TO SATISFY YOUR ACCOUNT. YOU CAN DO SO BY CHOOSING ONE OF THE FOLLOWING OPTIONS.

1) PAY $1782.71 IN FULL SATISFACTION OF YOUR DEBT; OR

2) MAKE CONSECUTIVE MONTHLY PAYMENTS OF $92.85, AND WE WILL DELETE THE ENTIRE INTEREST BALANCE OF $862.66; OR

3) CALL OUR OFFICE AT 1-800-663-4745 TO DISCUSS OTHER POSSIBLE ARRANGEMENTS.

WE WOULD LIKE TO ASSIST YOU, BUT IN ORDER TO DO SO, YOU MUST TAKE ADVANTAGE OF THIS OFFER ON OR BEFORE AUGUST 8 2003. IF YOUR ACCOUNT IS NOT SATISFIED AT THE TIME THAT THIS OFFER EXPIRES, AS A PART OF OUR NORMAL BUSINESS PROCEDURES, YOUR ACCOUNT WILL BE REPORTED AS A NEGATIVE TRADELINE TO THE CREDIT BUREAUS.

SINCERELY,

Michael Wilson
MANAGER
1-800-663-4745

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS OFFICE WILL PROVIDE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF REQUESTED BY YOU WITHIN 30 DAYS FROM RECEIVING THIS NOTICE.

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1117938.

ONE001-6258201881-2X96-8 1861